UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS ALFONSO RUELAS-LOPEZ,<br><br>   Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Case No. 1:10-cv-00636-BLW<br>      1:09-cr-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Jesus Alfonso Ruelas-Lopez. The government opposes and requests dismissal of Ruelas-Lopez's Petition (Dkt. 5). Petitioner has filed no reply. Being familiar with the record and having considered the briefing, the Court will deny and dismiss Ruelas-Lopez's Petition under § 2255, as discussed below.

## BACKGROUND

Petitioner was charged with (1) conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) two counts of distributing methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and (3) a forfeiture count under 21 U.S.C. § 853. *Second Superseding Indictment*, Dkt.

122 in criminal case.[1] Petitioner pleaded guilty to the charges against him. *Plea Agreement*, Dkt. 311. United States Magistrate Judge Candy Dale presided over Petitioner's change of plea hearing, and filed a Report and Recommendation (Dkt. 321). This Court adopted the Report and Recommendation on June 1, 2010 (Dkt. 334). On August 3, 2010, the Court sentenced Petitioner to 144 months imprisonment (Dkt. 400). Petitioner did not appeal to the Ninth Circuit.

In Petitioner's motion under 28 U.S.C. § 2255, he alleges prosecutorial misconduct upon plea, and ineffective assistance of counsel by (1) failing to properly advise as to the plea agreement; (2) failing to challenge the Court's calculation of the applicable sentencing guidelines; and (3) failing to consult with Petitioner, or pursue a direct appeal of Petitioner's sentence, as requested.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States"; (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law"; or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962).

---

[1] Throughout the Background section only, citations to the Court Docket shall refer to entries in petitioner's criminal case, No. 1:09-cr-00102-BLW, unless otherwise identified.

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)(quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

As discussed below, the Court finds that Petitioner has failed to raise allegations sufficient to warrant a hearing. Thus, the Court will consider the matter based on the record and pleadings before it.

**1.  Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack under § 2255. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Petitioner has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). A difference of opinion as to trial tactics will not satisfy a finding of ineffectiveness. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). The three bases for Petitioner's ineffective assistance of counsel claim – identified above – are now discussed as follows.

### A. Inadequate Advice As To Proper Plea

Petitioner argues that there is a "reasonable probability" he would not have accepted his plea agreement had his counsel, John DeFranco, given him "reasonably accurate professional advice." *Pet. Mem.*, Dkt. 1-1 at 7. According to Petitioner, counsel should have advised him about, and pursued, reductions "of 3 levels for acceptance of responsibility and another 2 levels for the safety valve," by challenging the drug quantity and Petitioner's leadership role. *Id.* at 7-8. However, Petitioner identifies no grounds on which counsel should have based these arguments.

For an ineffective assistance of counsel claim, the question is not "what the best lawyers would have done," but whether a reasonable lawyer in counsel's circumstances would have acted similarly. *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Evidence presented by the government shows that Petitioner had a leadership role in the crimes charged, and that he was not entitled to a reduction under the safety valve. *DeFranco Aff.*, Dkt. 5-1. Petitioner included no evidence to the contrary in his Motion, and has filed no reply. At the change

of plea hearing, Judge Dale questioned Petitioner at length about the voluntariness – and Petitioner's understanding – of his plea. *Trans. Change of Plea Hrg.*, Dkt. 5-3. Judge Dale was satisfied that Petitioner understood and agreed to plea; the Court finds no basis to conclude otherwise. Given the facts in the record, the Court finds that counsel's actions were in line with what a reasonable attorney in his circumstances would have done.

Even if counsel had pursued a more favorable plea agreement, Petitioner has not satisfied the second element under *Strickland*, that such efforts would have made a difference. As noted by the government, Petitioner's plea agreement conferred benefits, including dismissal of two distribution charges, a recommendation that he receive a reduction for acceptance of responsibility, and the right to request downward departure and variances from the guidelines range. *Resp.*, Dkt. 5 at 16. Petitioner has made only conclusory statements that Petitioner could have secured reductions of his sentence. Nothing in the record suggest that Petitioner would have received such reductions, had counsel requested them.

Absent evidence or argument identifying what counsel should have done differently in negotiating Petitioner's plea, and how Petitioner was adversely affected, Petitioner's ineffective assistance of counsel claim, as to his plea agreement, fails.

### B. Failure to Argue for Reductions at Sentencing

Petitioner also argues that counsel failed to argue for reductions at sentencing based on drug quantity, (lack of) leadership role, and application of the safety valve. At

sentencing, counsel noted, as to Petitioner's role in the offense, that Petitioner "suffered a four-level enhancement, and to backtrack now would only deflate the impact of his acceptance of responsibility." *Trans. Sent.*, Dkt. 5-4 at 5. Counsel went on to state, "there is no way a drug kingpin would be within 100 miles of a drug transaction that occurs at a McDonalds [as in this case]. It's just too risky." *Id.* The Court finds that counsel's choice of defense strategy was reasonable. Other than conclusory statements, Petitioner has failed to articulate how counsel was ineffective.

Also, Petitioner has not shown prejudice from an alleged failure by counsel to argue for reductions. As discussed above, there is nothing in the record to support that any additional arguments to reduce Petitioner's sentence based on drug quantity, leadership role, or under the safety valve, would have been successful. In his plea agreement and colloquy with Judge Dale at his change of plea hearing, Petitioner admitted to his leadership role under oath. *Trans. Change of Plea Hrg.*, Dkt. 5-3 at 26. His admission to this fact excluded him from receiving the safety valve under 18 U.S.C. § 3553(f)(4).

Petitioner has not alleged that his admission was made under duress or due to any misunderstanding. Without more, the Court has no basis to conclude that counsel performed deficiently, or that Petitioner was prejudiced by any alleged deficiency. For these reasons, the Court will deny Petitioner's ineffective assistance of counsel claim as to sentencing.

    **C.**    **Failure to Appeal**

A defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is not required to "press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones*, 463 U.S. at 751). However, counsel's "role, as advocate requires that he support his client's appeal to the best of his ability." *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967).

Petitioner argues that he asked counsel to appeal, but counsel failed to do so. Notably, Petitioner does not specifically identify the grounds on which counsel should have filed an appeal on his behalf. Instead, Petitioner states generally that he told counsel to appeal under his plea agreement. *Pet. Mem.*, Dkt. 1-1 at 11. Under that agreement, Petitioner was permitted one appeal under the following circumstances:

1. the sentence imposed by the District Court exceeds the statutory maximum;

2. the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; [or]

3. the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory Sentencing Guidelines range as determined by the District Court.

*Plea Agreement*, Dkt. 5-2 at 13.

In an affidavit, counsel DeFranco indicates that he advised Petitioner there was little likelihood of success on appeal because an appeal must challenge the Court's discretion at sentencing, which appellate courts "seem unwilling" to disturb. *DeFranco*

*Aff.*, Dkt. 5-1 at 2. Counsel believed that Petitioner understood and ultimately accepted this position. According to counsel – and contrary to Petitioner's motion – Petitioner agreed not to pursue an appeal as permitted under the plea agreement. *Id.*

For this Court to find counsel ineffective, it must first find that a reasonable attorney in counsel's circumstances would have acted differently. The Court must next consider whether Petitioner has been prejudiced by counsel's alleged failure to act. Resolution of the first issue depends upon which version of events is true: whether Petitioner did or did not ask counsel to file an appeal on his behalf. But regardless of how the Court resolves the first issue, the Court finds that Petitioner has not been prejudiced.

The three bases for an appeal, under Petitioner's plea agreement, challenge the Court's authority to impose Petitioner's sentence under the applicable statute and Sentencing Guidelines. However, the sentence imposed by this Court was squarely within the guideline range and the Court's authority. *See Minute Entry*, Dkt. 400 in criminal case. Petitioner has offered no argument otherwise. Accordingly, Petitioner's ineffective assistance of counsel argument, as to appeal, will be denied as well.

2. **Waiver in Plea Agreement**

As noted above, Petitioner's plea agreement waived the right to appeal, except in limited circumstances. Petitioner also waived the right to collaterally attack his conviction or sentence, except for one petition under § 2255. *Plea Agreement* at 12. The plea agreement limited the grounds for the § 2255 petition to a claim of ineffective

assistance of counsel "based solely on information not known to [Petitioner] at the time the District Court imposed sentence and which, in the exercise of reasonable diligence, could not have been known by [Petitioner] at that time." *Id.* at 13. Petitioner's remaining claim, for prosecutorial misconduct, is not permitted under his plea agreement.

"[P]ublic policy strongly supports plea agreements," including those waiving the right to appeal. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). "[P]erhaps the most important benefit of plea bargaining[ ] is the finality that results." *Id.* at 322. However, "waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *Id.* at 321. Also, the Ninth Circuit has held that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005)(quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005)). Applied here, Petitioner's prosecutorial misconduct claim does not escape the effect of the waiver of appeal rights set forth in his plea agreement. Accordingly, the Court will dismiss the claim.

## ORDER

**IT IS ORDERED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

2. Judgment shall be entered separately.

DATED: August 27, 2012



_____
B. Lynn Winmill
Chief Judge
United States District Court